**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**HERBERT BUTLER (#124959)** **CIVIL ACTION**

**VERSUS**

**25-232-SDD-SDJ**

**CHUCK TILLIS, ET AL.**

**RULING**

Before the Court is the Plaintiff's Motion to Alter or Amend Judgment (R. Doc. 28), wherein the Plaintiff asserts that the Court erred in dismissing his Complaint because in his Amended Complaint (R. Doc. 17), he no longer seeks immediate release.

"Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Templet*, 367 F.3d at 479). "'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id.* (quoting *Templet*, 367 F.3d at 479).

In this matter, Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation. *See* R. Doc. 24. The instant Motion merely rehashes the same arguments presented in his Objection – that he is no longer seeking immediate release. However, Plaintiff is still seeking declaratory, injunctive, and monetary relief.

With the exception of certain prospective injunctive relief,[1] a state prisoner's § 1983 action is barred (absent prior invalidation) by *Preiser* – no matter the relief sought, no matter the target of the prisoner's suit – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff alleges, in his Amended Complaint, that the application of a new parole law extended his time in prison causing him to suffer loss of liberty due to unlawful continued incarceration, mental and emotional distress, and loss of income and opportunities during his additional period of confinement. As such, Plaintiff's requests for relief due to the *ex post facto* application of a new parole law, if awarded, would necessarily demonstrate the invalidity of Plaintiff's duration of confinement. As such, these claims are barred as was previously determined, and Plaintiff has not shown any manifest error. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Alter or Amend (R. Doc. 28) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 5, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

[1] To the extent, the plaintiff seeks prospective injunctive relief, it would be futile for Plaintiff to pursue the prospective injunctive relief that he seeks. The relief sought applies to all defendants incarcerated prior to the effective date of Act. No. 11. Plaintiff lacks standing to seek relief on behalf of other inmates. Additionally, the request is overly broad and extends far beyond relief to Plaintiff to numerous parties not before this Court. *See Trump v. CASA, Inc.*, 606 U.S. 831 (2025) (Article III limits judicial relief to the parties "actually or constructively" before the court and an injunction must be no broader than necessary to provide those parties complete relief.).